

# NUMBER 13-18-00276-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ZINA M. BURKETT

## On Petition for Writ of Mandamus.

## ORDER

### Before Justices Rodriguez, Contreras, and Hinojosa
### Order Per Curiam

Relator Zina M. Burkett filed a petition for writ of mandamus in the above cause seeking to compel the trial court to rule on her motions to enforce child support.[1] This Court requested that the real party in interest, Jason A. Burkett, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Rather than filing a response, Jason has filed a "motion for plea in abatement" of this original proceeding. Jason contends that on June 8, 2018, the trial court made an oral order on the motions

---

[1] This original proceeding arises from trial court cause number F-132-11-J in the 430th District Court of Hidalgo County, Texas, and the respondent is the Honorable Israel Ramon Jr. *See* TEX. R. APP. P. 52.2.

to enforce, and "[u]pon the agreement of the parties," the trial court set a hearing to enter judgment on June 28, 2018. Jason contends that the petition for writ of mandamus is moot and requests that we abate this matter until the trial court signs a written order on June 28, 2018 "or until a reasonable time thereafter." According to Jason, if the trial court fails to sign a written order, the Court could then consider the merits of the petition for writ of mandamus.

Relator filed a response to Jason's motion in which she asserts that her request for relief is not moot. According to relator:

> Section 157.166 of the Texas Family Code requires the trial court to sign a written enforcement order.[2] Respondent has not signed a written order. At a hearing on June 8, 2018, Respondent informed the parties of how he intended to rule so that the parties may prepare a proposed order. After the hearing, Counsel for Relator prepared an 18-page proposed order, circulated a copy to Mr. Sanchez (counsel for real party in interest) and filed it with the trial court. Mr. Sanchez has not responded with any proposed changes to the proposed order and Respondent has not signed it or any other order on Relator's motion to enforce. While the court did set a June 28, 2018 hearing to enter judgment, the purpose of that hearing is to allow the parties to lodge objections or make further arguments with respect to the proposed order. Until Respondent actually signs a written order, as required by Section 157.166 of the Texas Family Code, Relator's petition is not moot.

Relator further contends that Jason has filed multiple pleadings in the underlying case instead of filing a substantive response to her petition for writ of mandamus.

The Court, having examined and fully considered Jason's motion for plea in abatement and relator's response to the motion, is of the opinion that Jason's motion for plea in abatement has some merit. Accordingly, we grant the motion in part and deny it in part as stated here.

---

[2] *See* TEX. FAM. CODE ANN. § 157.166 (West, Westlaw through 2017 1st C.S.) (specifying the required contents of an enforcement order in suits affecting the parent-child relationship).

The trial court has issued an oral ruling on relator's motions for enforcement and this matter is set for hearing, and presumably the rendition of a written order, on June 28, 2018. Accordingly, we grant Jason's motion and abate this original proceeding until June 29, 2018, at which time we will reinstate this original proceeding. We direct relator to file an advisory with the Court on June 29, 2018 to inform us regarding whether this original proceeding should be addressed on the merits or whether it has been rendered moot. We deny all other relief sought by Jason's motion for plea in abatement.

PER CURIAM

Delivered and filed the
18th day of June, 2018.